John M. Smyth v. Commissioner.
Smyth v. Commissioner
Docket No. 111880.
United States Tax Court
1943 Tax Ct. Memo LEXIS 322; 2 T.C.M. (CCH) 4; T.C.M. (RIA) 43211; May 4, 1943
*322 John E. Hughes, Esq., 105 W. Adams St., Chicago, Ill., for the petitioner. G. E. Gibson, Esq., for the respondent. LEECH Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined deficiencies in gift tax against the petitioner in the amounts of $37.50, $1,200 and $1,005 for the years 1934, 1938 and 1939, respectively. In each instance the deficiency arises through respondent's determination that the gifts reported were of future interests in property and his disallowance of the exclusions taken by the petitioner upon each return. Petitioner asserts the gifts to be present interests and, by amendment to his petition, asks four exclusions with respect to the gifts in 1934 in place of the one exclusion taken and that the portion of his specific exemption used upon his return for that year be restored and carried forward to 1939. Findings of Fact The petitioner is an individual residing at Evanston, Illinois. His gift tax returns, for the three years here involved were filed with the collector for the First District of Illinois. On or about December 28, 1934, the petitioner and his wife, Ethel W. Smyth, as grantors, executed a trust agreement transferring to *323 themselves and William P. Smyth, as trustees, two pieces of real estate, one a 320 acre tract of desert land near Tucson, Arizona, and the other 92 1/2 acres, improved with a summer home, at Williams Bay, Wisconsin. The beneficiaries of the trust were the four children of the grantors. The trust was to continue until the majority of the youngest beneficiary at which time there was to be a distribution of the corpus to the beneficiaries. The trustees were given broad powers of control of the corpus with the right to lease or to sell the real estate. In case of sale they might, in their discretion, make distributions of corpus to the beneficiaries or reinvest the proceeds, the income from such investment to be distributed, in their discretion, to the beneficiaries, or accumulated. Prior to any sale of the real estate, however, the income from the properties, if any, they were required to "annually distribute" to the beneficiaries in equal portions. The Arizona property was non-income producing. Since the transfer in trust the property at Williams Bay has been used and occupied by the beneficiaries. On February 8, 1941 petitioner John M. Smyth filed a gift tax return reporting the gift *324 in 1934 of the above mentioned properties. The Arizona land was reported at a value of $1,000 and the summer home at $10,000. An exclusion of $5,000 was taken together with $6,000 of his specific exemption, resulting in a computation of no gift tax liability for the year. Upon audit of the return respondent treated the gift as one of a future interest and disallowed the $5,000 exclusion. On December 30, 1937 the petitioner John M. Smyth executed four irrevocable trust agreements, each designating as primary beneficiary one of his four children, John M. Smyth, Jr., Nelson Edward Smyth, Robert Walsh Smyth, and Barbara Jane Smyth. The trust instrument in each case empowered the trustees, in their discretion, to either accumulate the trust income or distribute it to the beneficiary and also to invade corpus of distributions if, in their opinion, this action was in the interest of the beneficiary. The term of each trust was 25 years, the corpus then to be distributed to the beneficiary, or upon his death prior to that date the trust would terminate and the corpus be distributed to his issue surviving, and if none, then to the issue of the grantor then surviving. On or about January 10, *325 1938 the petitioner John M. Smyth donated and transferred to each of the above trusts 100 shares of the John M. Smyth Trust Estate. On December 21, 1940 the petitioner John M. Smyth filed a gift tax return reporting the gifts made in 1938 to the four trusts as above described. In this return the gifts to each trust were returned at a value of $5,000 or a total value of $20,000. Four exclusions of $5,000 each were taken resulting in the computation of no gift tax liability. Upon audit by respondent of this return the gifts were determined by him to be future interests in property and the four exclusions taken in each year were disallowed and a deficiency in gift tax of $1,200 determined as due from the petitioner. The petitioner filed a gift tax return for 1939 reporting three policies of insurance on his own life as gifts at a total value of $15,336.86 effected by endorsements stated to have been made thereon in the following language: ALL RIGHTS RESERVED TO THE BENEFICIARY. - Anything in this policy to the contrary notwithstanding, Insured's wife, Ethel W. Smyth and Insured's sons, John M. Smyth, Jr., and Nelson E. Smyth, jointly the survivors or survivor or if none survive the *326 executors or administrators of the last survivor of said wife and said sons, several of the beneficiaries without the consent and to the exclusion of the insured, or any other beneficiary, or any other person, shall have the right to exercise every option, enjoy every privilege and receive every benefit conferred by this policy, or allowed by the Company, (including any income payments under any provision for Disability Benefits) and the right to change the beneficiary. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK New York, N. Y. October 31, 1939 31-517 ARABC to B WILLARD JOHNS Secretary GT The beneficiary is changed to Insured's wife. Ethel W. Smyth, if living, if not to Nelson E., Robert W., Barbara J. and John M. Smyth, Jr., share and share alike the survivors or the survivor of them, or if none survive to the executors, administrators or assigns of the last survivor of said wife and said children. It is mutually understood and agreed that if any beneficiary shall die simultaneously with, or after the death of the Insured but before receipt at the Home Office of the Company of due proof of the death of the Insured, payment shall be made to the same beneficiary or beneficiaries *327 and in the same manner as hereinbefore provided for payment had such beneficiary so dying not survived the Insured. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK
New York, N. Y. October 31, 1939 WILLARD JOHNS Secretary Three exclusions of $4,000 each were taken, together with $3,336.86 of his specific exemption, the return showing no net gifts and no tax. Respondent disallowed the exclusions upon the ground that the gifts were of future interests in property and determined a gift tax liability of $1,005. Notice of the deficiencies was mailed to the petitioner on April 22, 1942. Opinion The deficiency for 1934 arises upon the disallowance of an exclusion of $5,000 taken by the petitioner upon a gift of $11,000 in that year to a trust for the benefit of his four children. On issue raised by the pleadings and the deficiency letter was whether the gift was one of a present or future interest in property. Respondent contends that the property was not income producing, that the donees' enjoyment was limited to such interest as they might have in the proceeds of sale and that these could only be taken by them upon the contingency of the exercise of the discretionary power granted *328 the trustees to distribute. If the rights of the donees were limited in the degree claimed by respondent we would necessarily hold them to be future interests. ; . It is noted, however, that by the trust instrument the beneficiaries were entitled to distribution of the profits and income of the properties until the time when the trustees might sell them. This is a present right of enjoyment. It is true that it is a right which may at some future time be cut off by the sale of the properties by the trustees. But the right had not been cut off here. It was possessed by the donees and must be so recognized. The fact that the properties produced no income is not determinative. The question is the right to receive the income if produced. As to the Williams Bay property it is noted that there was an actual enjoyment of the property by the beneficiaries by possession and occupancy. However, our conclusion that the beneficiaries received a present interest does not dispose of the issue since respondent did not disallow the exclusion upon the one ground *329 that it was a future interest. It was disallowed also on the ground that such part of the gift as might represent a present interest was without value subject to determination. The donor is entitled under section 504 of the Revenue Act of 1932 to the exclusion of "the first $5.000" of the value of the present interest and the record is wholly inadequate for a determination of value here. The total gift was only $11,000. We have no basis upon which to value the right to receive the income. The rental value, if any, of the Williams Bay property is not shown. Moreover, it must be borne in mind that the right to receive income and profits had no definite life because it might be terminated at any time by the sale of the property by the trustees. The petitioner here is required to establish the value to support his exclusion. He has failed to do so. Petitioner's plea of the statute of limitations requires little discussion. It is asserted that the deficiency was determined more than three years subsequent to the date of the return and is therefore barred. Revenue Act of 1932, section 517. This is not the fact. The return, introduced in evidence, shows that it was not filed until February *330 8, 1941. The deficiency notice was mailed the petitioner on February 10, 1942. The collection of the deficiency is not barred. We sustain the respondent. That conclusion also disposes of petitioner's claim by his amended petition for four exclusions of $5,000 each on the transfer and the carrying forward of the specific exemption of $6,000 for allowance in a future year. The deficiency determined for 1938 arises upon the gifts made in that year to the four trusts created in 1937. Under these trusts it is quite apparent that the beneficiary was entitled to enjoyment of the property only to the discretion of the trustees. There would be neither enjoyment of the income nor a realization of the value of the interest by sale without the consent of the trustees. Such an interest is future in character. ;; ; ; ; ; *331 ; . On this issue respondent is affirmed. The remaining deficiency arises through the disallowance of three exclusions taken by petitioner on his gift tax return for 1939 On this return he stated the gifts to have been effected by endorsements made on three policies of insurance upon his own life. The endorsements as reported by him are set out in our findings but the policies are not in evidence. The fact that these were the endorsements is established neither by evidence, stipulation nor admission in the pleadings. Respondent, however, makes no point of this omission and, on brief, appears to accept the endorsements as having been made in the language quoted. We therefore pass the insufficiency. Assuming the endorsements to have been made as reported, the question is whether they vested present interests entitling the donor to three exclusions of $4,000 each. Just who are considered by petitioner as the three donees we are not advised. Petitioner's wife, as beneficiary, and her two sons, with her, are given by the endorsement the power to *332 jointly exercise all rights granted under the policy. Whether it is petitioner's contention that this fact makes them donees, we do not know. It may be that the interests as donees are ascribed to the three sons who are named as alternative beneficiaries in case their motor predeceased the insured. Manifestly no present interest is received by either of the alternate beneficiaries, as such, for their enjoyment of any benefit is contingent upon a future and most uncertain event. ; The interest received by the wife of the donor as beneficiary under the policy is limited to receipt of payment of the policy upon her husband's death and is clearly a future interest. ;. Have she and her two sons, John M. Smyth, Jr., and Nelson E. Smyth, present vested rights by reason of that provision of the endorsement empowering them jointly to exercise every right under the policy including the right to change the beneficiary? What these rights are we do not know. The policies *333 are not in evidence. Whether they are participating policies or a cash surrender value existed, we are not advised. Even if a cash surrender value was available no part of it could be taken by any one of the three except after action by the other two. It may be that condition would characterize the interests as future. ; ;In any event, however, petitioner has failed to carry his burden on this issue, and respondent is affirmed. Decision will be entered for the respondent.